IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| RICKY L. CHESTER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:06-CV-277 |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

Now before the court is defendant's motion to strike class allegations [doc. 24]. Plaintiff has filed a response [doc. 28], to which defendant has submitted a reply [doc. 31]. The court held a hearing on April 23, 2007. For the reasons that follow, defendant's motion will be denied.

Plaintiff's complaint pertains to defendant insurer's denial of "his claim for water damage to his residence resulting from water penetration through the Exterior Insulation and Finish System ("EIFS"), a form of synthetic stucco, that had been applied to the exterior of his house." [Doc. 1, ¶ 1]. The complaint

> also seeks to have this action certified as a class action to recover damages on behalf of all other State Farm insureds in Tennessee holding similar policies of homeowner's insurance who have or will have claims for their residences or other insured structures involving water damage ensuing from water penetration through EIFS exteriors, and to obtain appropriate declaratory and equitable relief regarding State Farm's obligations under homeowner's insurance policies issued in Tennessee.

[Doc. 1, ¶ 1].

The court has reviewed the existing opinions from other courts (primarily, unpublished district court authority) pertaining to motions to strike class allegations. Divergent standards of review have been applied to such motions, and discourse regarding the proper authority for these motions has been equally diverse. This court concludes that motions to strike class allegations are permitted under Rule 23(d)(4) of the Federal Rules of Civil Procedure, which provides that "[i]n the conduct of actions to which this rule applies, the court may make appropriate orders . . . requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly[.]" The court further agrees with the majority practice of applying the Rule 12(b)(6) standard of review to motions to strike class allegations. *See, e.g., Andrews v. Home Depot U.S.A., Inc.*, No. Civ.A.03CV5200, 2005 WL 1490474, at *2 (D.N.J. June 23, 2005).[1]

Under the familiar Rule 12(b)(6) standard, the court must construe all well-pled allegations of the complaint as true and must view all reasonable inferences in the light most favorable to the plaintiff. *Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999). Only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief, then ... dismissal is proper." *Id.* at 719 (citation omitted). In other words, Rule 12(b)(6) motions address the merits of the *claim* - not the eventual merits of the

---

[1] Defendant concedes that its motion should be decided under the Rule 12(b)(6) standard. [Doc. 31, p. 3].

*case*.

Application of this standard to the present motion is consistent with the Supreme Court's statement that "[s]ometimes [class action] issues are plain enough *from the pleadings* to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim[.]" *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (emphasis added). Guided by the Supreme Court's language in *Falcon*, and following a careful review of the complaint, the court concludes that plaintiff has adequately stated a class claim.

Initially, the complaint sets forth the factual background of plaintiff's individual claim. [Doc. 1, ¶¶ 5-18]. It then relates those facts to the required elements of Rule 23(a): numerosity [¶ 20]; commonality [¶ 23]; typicality [¶ 21]; and adequacy of representation [¶ 22]. Lastly, the complaint sets forth, in prediscovery sufficiency, class claims under Rule 23(b)(2) [¶¶ 1, 24, 42-44] and Rule 23(b)(3) [¶¶ 1, 25-33].

This matter will be allowed to proceed to precertification discovery, which will aid the court in evaluating defendant's myriad arguments pertaining to class certification and/or the merits of this case. It would appear that precertification discovery will be of particular value regarding issues of numerosity, adequacy, and class composition. Although dismissal of the class allegations would at this threshold stage be premature, defendant is free to resurrect its current arguments in a subsequent motion. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 407 (C.D. Cal. 2005) ("Whether Plaintiff will be able to

succeed on a motion for class certification, however, is an entirely separate matter to be decided at a later date.").

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge